98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry M. JENKINS, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 96-5071.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1996.
 
 Before: KEITH, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Terry M. Jenkins, proceeding pro se, appeals a district court judgment dismissing his civil suit, construed to be filed pursuant to the Federal Tort Claims Act (FTCA). See 28 U.S.C. §§ 2671-2680. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Jenkins sued the United States Postal Service in state court, claiming, inter alia, "covert U.S. government harassment," racial discrimination and invasion of privacy. The defendant removed the action from state court, asserting that the case was governed by the FTCA. Noting that Jenkins's precise claim was unclear, the district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because Jenkins did not name the United States as a defendant. See 28 U.S.C. § 2679(a). It also noted that Jenkins had not exhausted his available administrative remedies before bringing suit, as he is required to do under 28 U.S.C. § 2675(a).
 
 
 3
 Jenkins has filed a timely appeal. His largely unintelligible brief is construed as raising the same issues. He has also filed motions requesting oral argument, a restraining order and summary judgment.
 
 
 4
 Upon review, we conclude that the district court properly granted the defendant's motion to dismiss for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1); Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990).
 
 
 5
 Under the FTCA, the United States has waived its sovereign immunity for claims that are against the United States, for monetary damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of a government employee acting within the scope of his employment, under circumstances where the United States, if a private citizen, would be liable to the claimant under the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). Thus, a case must be dismissed for lack of subject matter jurisdiction where the plaintiff fails to name the United States as a defendant. See Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990). As Jenkins did not name the United States as a defendant, the district court properly dismissed the case.
 
 
 6
 Finally, even if we were to construe Jenkins's complaint as raising a claim under the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971), the district court would still lack subject matter jurisdiction as Jenkins did not name individual postal officials as defendants. See F.D.I.C. v. Meyer, 114 S.Ct. 996, 1004-06 (1994) (logic of Bivens does not support extending its doctrine to the agencies of the United States).
 
 
 7
 Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.